# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| AAMBER MCGEE, TERRELL VEAL, and KENDALL MAXEY, on behalf of themselves and other similarly situated laborers, | )<br>)<br>) Case No. 18-cv-7130 |
| Plaintiffs, | )<br>) Judge Lee |
| v. | ) Magistrate Judge Schenkier |
| CAPITOL WHOLESALE MEATS, INC., TOTAL STAFFING SOLUTIONS, INC., and ELITE LABOR SERVICES ON 55th, LTD., | )<br>)<br>)<br>) |
| Defendants. | ) |

## MOTION FOR TOTAL STAFFING SOLUTIONS JOINING CO-DEFENDANT CAPITOL MEAT'S PARTIAL MOTION FOR JUDGMENT ON THE PLEADINGS

Total Staffing Solutions, Inc., by its undersigned attorneys, Tom H. Luetkemeyer, Linda K. Horras, Leigh C. Bonsall and Thaddeus A. Harrell of Hinshaw & Culbertson LLP, submits this instant motion joining Capitol Meat's Partial Motion for Judgment on the Pleadings. In support of this motion, TSSI states as follows:

1. Plaintiff Aamber (a/k/a Amber) McGee is a former temporary employee who sought work through three different staffing companies in December of 2016. See McGee Application of Employment, p. 2 found as Dkt. 46-1, p. 2: According to McGee, she was already employed by The Reserves Network and Staffing Network as of November of 2016 at the time she submitted her application to TSS. *Id.*

2. McGee accepted three temporary assignments from TSS in December of 2016. Amd. Class Action Cp., ¶¶31-34 (Dkt. 43). TSS does not know if McGee also received, rejected or accepted placements from The Reserves Network or Staffing Network during this period.

3. McGee asserts that she did not receive an offer for temporary work at Defendant Capitol Meats. Dkt. 43, ¶38. That is not surprising since TSS was no longer making placements to Capitol. Those placements were being made by QFS and had been since April of 2015. See QFS Addendum dated 4/27/15 found as Dkt. 50-1, p. 4; See also TSS Answer to Amd. Cp., ¶ 14 (Dkt. 46). Her entire case rests on the assumption that TSS was placing employees at Capitol in December of 2016, that she would have accepted this unknown position in McCook, Illinois, and that she allegedly suffered damages by not being offered it instead of the positions she was offered (and accepted). .

4. McGee did not reside in Illinois prior to July of 2016, according to her application. Dkt. 46-1, p. 2[1]. According to her complaint, she no longer resides this district, either, having left in 2018. Dkt. 43, ¶7.

5. Despite seeking temporary placement through TSS for a short period of time in December of 2016, McGee wants to reach back to a purported directive allegedly made by Capitol to TSS in 2014 on which to base four years of race discrimination claims. See Dkt. 43, ¶ 18. McGee had no relationship at all with TSS in 2014.

6. For the reasons set forth in Capitol's legal memorandum (Dkt. 50), there was no binding contract between McGee and TSS in 2014 for which the four-year statute of limitations would apply under Section 1981.

7. At most, McGee is/was an applicant for employment from various staffing agencies in December of 2016 seeking temporary employment, the offers of which she could accept or reject. These are pre-contract claims subject to a two-year limitations period. *Dandy v.*

---

[1] From March 2016 to July 2016, McGee represented to TSS that she worked at Nove Kitchen & Bar at 1650 N. Bayshore with a phone number beginning with area code 305. According to information available on line, NoVe Kitchen & Bar is located at 1750 N. Bayshore, Miami, Florida, 305-230-4289.

*United Parcel Serv., Inc.,* 388 F.3d 263, 269, n.4 (7th Cir. 2004); See also Capitol's legal memorandum found as Dkt. 50.

8. On March 6, 2019, Capitol filed a motion for partial judgment on the pleadings and a well-reasoned legal memorandum. See Dkt. 49 & 50. TSS respectfully joins this motion for partial summary judgment, rather than filing its own motion separately. This will minimize the burden on the Court and opposing counsel.

WHEREFORE, the Defendant, Total Staffing Solutions, Inc., respectfully requests this honorable court to grant the Motion for Partial Judgment on the Pleadings and limit this case to a two-year limitations period. This decision can be made now, given the evidence in the record, and will lead to a conservation of resources as the parties can focus on a proper time frame for discovery.

Defendant TOTAL STAFFING SOLUTIONS, INC.

**HINSHAW & CULBERTSON LLP**

By: */s/ Linda K. Horras*
    One of Defendants' Attorneys

Tom H. Luetkemeyer, ARDC 6183248
Linda K. Horras, ARDC 6200203
Leigh C. Bonsall, ARDC 6302440
Thaddeus A. Harrell, ARDC 6328871
**Hinshaw & Culbertson LLP**
151 N. Franklin Street, #2500
Chicago, IL 60606
Ofc: 312-704-3000 / Fax: 312-704-3001
tluetkemeyer@hinshawlaw.com
lhorras@hinshawlaw.com
lbonsall@hinshawlaw.com
tharrell@hinshawlaw.com

# CERTIFICATE OF SERVICE (ECF)

       I, the undersigned, state that I submitted to be filed, the above and foregoing **Motion for Total Staffing Solutions Joining Co-Defendant Capitol Meat's Partial Motion for Judgment on the Pleadings**, via the United States District Court for the Northern District of Illinois' electronic filing system (ECF) on <u>March 7, 2019</u> with notification via Electronic Mail to all parties of record:

*Counsel for Plaintiffs*
Christopher J. Wilmes
Matthew J. Piers
***Hughes Socol Piers Resnick & Dym, Ltd.***
*70 W. Madison Street - #4000*
*Chicago, IL 60602*
cwilmes@hsplegal.com

Christopher J. Williams
***Workers' Law Office, P.C.***
*53 W. Jackson Blvd. - #701*
*Chicago, IL 60604*
cwilliams@wagetheftlaw.com

*Counsel for Capitol Wholesale Meats, Inc.*
Peter James Gillespie
***Laner Muchin, Ltd.***
*515 N. State Street - # 2800*
*Chicago, IL 60654*
pgillespie@lanermuchin.com

*Counsel for Elite Labor Services on 55th, Ltd.*
Jennifer L Colvin
***Ogletree, Deakins, Nash, Smoak & Stewart, P.C.***
*155 N. Wacker Drive - # 4300*
*Chicago, IL 60606*
jennifer.colvin@ogletreedeakins.com

                                                  */s/ Linda K. Horras*